DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Robert I. Charlton appeals the order of the Summit Court of Common Pleas sentencing him to consecutive maximum terms upon his convictions for rape and kidnapping and designating him a sexual predator. This Court affirms.
 I.
The Summit County Grand Jury indicted Charlton on a multiple count indictment for one count of kidnapping, in violation of R.C.2905.01(A)(2)/(A)(4), with a firearm specification; four counts of rape, in violation of R.C. 2907.02(A)(2), with a firearm specification to each count; two counts of felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification for one of the two counts; and child endangering, in violation of R.C. 2919.22(A). Initially, Charlton pled not guilty.
Pursuant to a subsequent plea agreement, Charlton pled guilty to one count of kidnapping, with a firearm specification, and one count of rape. The state dismissed the balance of the indictment. The trial court sentenced Charlton to ten years for kidnapping, three years for the firearm specification, and ten years for rape. The trial court ordered that the sentences be served consecutively.
Charlton now appeals, raising three assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE THAT IS CONTRARY TO LAW PURSUANT TO [R.C.] 2953.08(A)(4) AND [R.C.] 2929.14.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES, THE SUM OF WHICH WAS GREATER THAN THE MAXIMUM SENTENCE FOR THE MOST SERIOUS OFFENSE PURSUANT TO [R.C.] 2953.08(C) [AND] 2929.14.
The foregoing assignments of error are considered together as they raise similar issues of law and fact.
In his first and second assignments of error, Charlton claims that the trial court erred when it sentenced him to maximum terms of incarceration, and in ordering the sentences to be served consecutively. Specifically, Charlton claims that the trial court did not have clear and convincing evidence upon which to trump the presumption against a maximum term of imprisonment to be served consecutively. This Court disagrees.
"[O]ur standard of review is controlled by R.C. 2953.08(G)(1), requiring us to determine if the trial court clearly and convincingly acted contrary to law or the record." State v. Tipler (Feb. 16, 2000), Summit App. No. 19344, unreported. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentencing law disfavors both greater than minimum sentences for first offenses and consecutive sentences. See State v. Edmondson (1999), 86 Ohio St.3d 324,325. Pursuant to R.C. 2929.14(E), Charlton was entitled to a presumption against consecutive sentences. However, a court could impose a consecutive sentence if it found that such a sentence was warranted by the facts. See R.C. 2929.14(E); Edmondson, supra, at 325.
In the instant case the trial court made findings justifying the imposition of maximum consecutive sentences:
THE COURT: I'm going to impose the maximum sentence.
 In determining that a maximum sentence should be imposed, the Court finds that this is the worst form of the offense.
 I've already talked about some of the things. I don't know that it needs to be talked about again, but to indicate that you used a gun, a knife, you shackled this woman, you tied her up, I can't imagine what could be a worse form, to kidnap her from her home, leave a sleeping child in her home.
 The Court also finds that you pose the greatest likelihood of committing a future crime. The Court is also going to give you consecutive sentences in this case.
 The Court does that and finds that it is necessary to impose consecutive sentences to protect the public and to punish the offender and that consecutive sentences are not disproportionate to the conduct and to the danger the Defendant poses to this community.
 The Court further finds that the harm in this case was so great or unusual that a single term would not reflect the seriousness of the conduct.
This Court finds that the trial court had a sufficient evidentiary basis upon which to impose maximum consecutive sentences. The trial court was aware that Charlton had kidnapped the victim, tied her up, bound her mouth with duct tape, and raped her three times as he menaced her with a knife and handgun. Charlton also pronounced threats of serious injury and death during the victim's ordeal. The trial court had an ample basis upon which to reach its findings. Accordingly, this Court finds that the record demonstrates that the trial court clearly and convincingly satisfied its statutory obligation in sentencing Charlton to maximum consecutive terms of incarceration. See R.C. 2953.08(G).
Charlton's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ADJUDICATING THE DEFENDANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE PURSUANT TO [R.C.] 2950.09(3) [sic].
In his third assignment of error, Charlton claims that the trial court lacked clear and convincing evidence upon which to designate him a sexual predator. This claim is without merit.
A sexual predator is defined under R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Under R.C. 2950.09(B)(2), a trial court must consider all relevant factors in determining whether an individual is asexual predator, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Upon consideration of these and other relevant factors, the trial court shall determine whether an individual is a sexual predator based upon clear and convincing evidence. R.C. 2950.09(C)(2). This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the trier of fact a firm belief or conviction as to the matter to be established. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported.
"The clear and convincing standard requires more than a preponderance of the evidence, but does not rise to the level of proving a proposition beyond a reasonable doubt." Id.
Charlton does not dispute that he was convicted of sexually oriented offenses. See R.C. 2950.01(D). Charlton does dispute, however, whether the state sufficiently proved that he is likely to engage in the future in one or more sexually oriented offenses. In meeting its burden of proof, the state is not required to satisfy each of the statutory factors to be considered pursuant to R.C. 2950.09(B)(2); rather, the state merely had to prove by clear and convincing evidence that Charlton is likely to commit one or more sexually oriented offenses in the future. See Statev. Remines (June 23, 1999), Lorain App. No. 97CA006903, unreported.
This Court's review of the transcript of the proceedings below reveals that the state successfully produced clear and convincing evidence indicating that Charlton is a sexual predator. The transcript indicates that the trial court explicitly noted the following factors, in announcing its decision: (1) that Charlton's offenses demonstrated a pattern of abuse per R.C. 2950.09(B)(2)(h); (2) that Charlton's conduct evinced a display of cruelty and threats of cruelty per R.C.2950.09(B)(2)(i); and (3) that taking Charlton's crimes together as a whole, the crimes were so profoundly depraved as to fall under the catch all provision of R.C. 2950.09(B)(2)(j). Specifically, Charlton tied up his victim, duct taped her mouth, kidnapped her, and orally, anally, and vaginally penetrated his victim, while threatening her with an ominous knife and brandishing a firearm. The repeated acts of depravity by Charlton aptly demonstrate his likelihood to reoffend. Accordingly, this Court concludes that the trial court had sufficient evidence to designate Charlton a sexual predator.
Charlton's third assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR.